## LANCASHIRE v. QUIGLEY'S EXR.

**New Trial — Affidavit.**

> The application for a new trial was based upon the affidavit of the administrator of discovery of evidence, and on the statements of the petition denying the cause of action and the consequent ignorance of the administrator as to the defense, and upon affidavits to facts known by the affiant and provable, which tends strongly to disprove the cause of action, and which might have influenced the verdict. *Held*, that the grounds for a new trial were sufficient.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

June 20, 1866.

OPINION OF THE COURT BY JUDGE MARSHALL:

The appeal from the common-law judgment of Quigley's Executor *v.* Wm. Lancashire's Administrator having been submitted at the same time and on the same record with the appeal from the judgment in equity in favor of Quigley's Executor *v.* Alexander and Lancashire passed on the same common-law judgment; the principal facts involved in both cases are stated in the opinion of this court reversing the judgment in equity, and reference is made to that opinion rendered at the present term.

In the case now before us on the appeal from the common-law judgment, it is only necessary to state by way of explanation that in consequence of the ignorance of the administrator of the facts involved in the common-law action, and the ignorance of Alexander and Lancashire (the only parties really interested in defending it), that such action was pending, a verdict and judgment were rendered against the administrator without his making any real defense and that the motion for a new trial made by the administrator and by the petition of Alexander and Lancashire who also asked that they should be made parties and that the case should be transferred into equity, was overruled, to which exceptions were taken, and that an appeal was prayed on.

The application for a new trial was based upon the affidavit of the administrator of discovery of evidence, and on the statements of the petitioners denying the cause of action and showing their ignorance as above stated, and on accompanying affidavits of several persons stating facts known to and provable by them, which

tend strongly to disprove the cause of action on which the suit was founded, and which might have influenced the verdict. We are of opinion that the grounds for a new trial were sufficient and that the court erred in overruling the motion to set aside the judgment and grant a new trial. But there are other irregularities in the proceedings at law, and as by amendment of the petition in equity of Quigley's Executor *v.* Alexander and Lancashire, and the further proceedings detected thereon, the original cause of action will be put in issue for a trial *de novo,* and a judgment may upon sufficient proof be obtained against the administrator for assets as well as against the other parties or their property, it seems to be unnecessary that there should be any further proceedings at law.

Wherefore, the judgment at law in favor of Quigley's executor against Wm. Lancashire's administrator is reversed, with directions to dismiss the petition without prejudice and without costs.